UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          Case No. 6:18-cv-1366-Orl-37TBS

BRUCE A. KWITNY; and DITECH
FINANCIAL, LLC,

    Defendants.
_____

## **ORDER**

Plaintiff United States of America ("**Government**") filed this action in response to Defendant Bruce A. Kwitny's failure to pay federal income taxes for the years 2006 through 2014. (*See* Doc. 1 ("**Complaint**").) As a result of the delinquency, federal tax liens in favor of the Government arose on the dates of assessment and attached to Mr. Kwitny's property and rights to property, including his property located at 1151 Rock Springs Drive, Melbourne, Florida ("**Subject Property**"). (*Id.* ¶¶ 13–16.) Therefore, the Government seeks to reduce to judgment Mr. Kwitny's federal income tax liabilities and to foreclose the federal tax liens attached to the Subject Property. (*Id.* at 5.) And because Ditech Financial, LLC ("**Ditech**") has a potential interest in the Subject Property based on a mortgage lien, the Government joined it in this action. (*Id.* ¶ 7.)

Mr. Kwitny failed to appear, so the Government successfully obtained an entry of default against him. (Docs. 6, 9.) Now, the Government requests default judgment against Mr. Kwitny. (*See* Doc. 14 ("**Motion**").) On referral, U.S. Magistrate Judge Thomas B. Smith

recommends that the Court grant the Motion, enter judgment for the unpaid federal taxes ("**Tax Liability Recommendation**"), and direct the foreclosure sale of the Subject Property ("**Foreclosure Recommendation**").[1] (Doc. 15 ("**R&R**").)

For the Tax Liability Recommendation, Magistrate Judge Smith found: (1) the well-pled factual allegations in the Complaint establish that Mr. Kwitny failed to pay his federal income taxes owed for tax years 2006–2014, as supported by certified copies of "Certificate of Assessments, Payments, and Other Specified Matters"; (2) due to Mr. Kwitny's failure to appear, he cannot overcome the presumption that his tax liability was properly assessed; and (3) the Government provided sufficient facts showing Plaintiff owes $572,671.80 plus penalties and interest that continue to accrue. (*Id.* at 1–5.) Therefore, Magistrate Judge Smith recommends the Court enter judgment for the Government and against Mr. Kwitny in the amount of $572,671.80 "plus statutory additions and post-judgment interest, pursuant to 28 U.S.C. § 1961(c)(1) and 26 U.S.C. §§ 6621–22." (*Id.* at 5 (quoting Doc. 14, p. 7).)

For the Foreclosure Recommendation, Magistrate Judge Smith found that the tax liens encumber the Subject Property and will continue to do so until Mr. Kwitny satisfies his obligation or it becomes legally unenforceable. (*Id.* (citing *Griswold v. United States*, 59 F.3d 1571, 1575 (11th Cir. 1995); then citing 26 U.S.C. §§ 6321, 6322).) He also found that Ditech's superior mortgage lien on the Subject Property does not impede the

---

[1] Ditech appeared in this case and filed a motion to dismiss. (*See* Docs. 4, 5.) After Magistrate Judge Smith issued his R&R (Doc. 15), the Court denied Ditech's motion (Doc. 16), and Ditech filed its answer and affirmative defenses (Doc. 17).

foreclosure sale because "the governing statute contemplates post-sale satisfaction of the parties' interests from the proceeds of sale." (*Id.* (quoting *Banner Grp. Corp. v. United States*, No. 6:06-cv-706-Orl-22KRS, 2008 WL 859037, at *1 (M.D. Fla. Jan. 7, 2008)).) So Magistrate Judge Smith recommends that the Court order and schedule a foreclosure sale of the Subject Property, with the net proceeds applied to the judgment as allowed by 26 U.S.C. § 7403(c).[2] (*Id.*)

The parties did not object to the R&R, and the time for doing so has now passed. As such, the Court has examined the R&R only for clear error. *See Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2016 WL 355490, at *1 (M.D. Fla. Jan 28, 2016); *see also Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Based on the procedural posture of this case, the Court takes issue with only one portion of the R&R: Magistrate Judge Smith's Foreclosure Recommendation.[3] (Doc. 15, pp. 5–6.)

As to the foreclosure of the Subject Property, the Government represented in the Motion, which Magistrate Judge Smith relied on, that "[w]ith no other competing claimants, the Court can now order the Subject Property sold to satisfy, in part, Kwitny's unpaid taxes." (Doc. 14, p. 6 (citing cases).) But there are two problems with this assertion.

---

[2] More specifically, Magistrate Judge Smith recommends that the Court "direct the foreclosure sale of the Property at public sale with the proceeds to be applied first to the costs of sale, then to Ditech Financial, LLC's note and mortgage, and the remainder to the government's judgment." (Doc. 15, p. 6.)

[3] Magistrate Judge Smith also noted that although the Government requests costs of this action in the Complaint (*see* Doc. 1, p. 5), the Government did not make that demand in the Motion (*see* Doc. 14). (Doc. 15, p. 6.) Accordingly, he recommends that the Court not award costs to the Government. (*Id.*) This finding is also adopted in this Order along with the Tax Liability Recommendation.

First, although the Government noted Ditech's then-pending motion to dismiss, which discussed Ditech's superior interest in the Subject Property and challenged the Government's ability to foreclosure its liens on the property (*see id.* at 6 n.2; *see also* Doc. 5), Ditech's since-filed affirmative defense in this case further reveals that it is a competing claimant.[4] (*See* Doc. 17, p. 2.) Second, the cases the Government cited in support of the assertion that the Court can now order the sale of the Subject Property are distinguishable because there the other parties with an interest in the property either defaulted or entered into a stipulation with the Government regarding lien priority and the disbursement of sale proceeds accordingly. (Doc. 14, pp. 6–7); *see, e.g.*, *United States v. Harris*, No. 3:13-cv-65-WS-EMT, 2014 WL 2153925, at *1 (N.D. Fla. Apr. 18, 2014) (granting a motion for default judgment against all interest-holding defendants other than the non-defaulting defendant that "entered into a stipulation with the United States regarding the priority of its real property liens and the disbursement of sale proceeds according to that priority" as well as ordering the sale of property); *United States v. McHaffie*, No. 1:07-cv-3012-CC, 2008 WL 5724293 (N.D. Ga. Dec. 29, 2008) (granting a motion for default judgment and ordering foreclosure of the property after the United States entered into a stipulation with the non-defaulting, interest-holding defendant regarding the sale of the property).[5] Not

---

[4] Ditech's affirmative defense states, "Ditech asserts that the lien created by the federal tax liability is not valid against any purchaser, *holder of a security interest*, mechanic's lienor, or judgment lien creditor who at the time of purchase did not have actual notice or knowledge of the existence of such lien." (Doc. 17, p. 2.)

[5] In one case cited by the Government, not all parties with an interest in the property defaulted. *See United States v. Cone*, No. 8-13-cv-413-T-31DAB, 2013 WL 5739785 (M.D. Fla. Oct. 22, 2013). In *Cone*, the Court granted a motion for default judgment against certain defendants named for having an interest in the property but did not immediately

so here.

Certainly 26 U.S.C. § 7403 provides the Court with discretion to order a foreclosure sale of the subject property:

> The court shall, after the parties have been duly notified of the action, proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property, and, in all cases where a claim or interest of the United States therein is established, may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States.

26 U.S.C. § 7403(c). But the Government has yet to seek resolution of the claims stemming from Ditech's interest in the property by way of stipulation or motion. As a result, Ditech has not been able to defend its assertion that the tax liens are not valid against it and the Court has not yet determined the merits of Ditech's claims to and liens on the Subject Property. *See id.* ("The court shall . . . adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property . . . .").

What is more, the record lacks information about Ditech's interest in the Subject

---

order the sale of the property. *See id.* at *5. Instead, the Court stated that "upon entry of a decree of sale in this action[, the property] shall be sold free and clear of the claims and interests of [those defaulting defendants]." *Id.* The case then proceeded against the non-defaulting defendants who claimed an interest in the property.

In another case cited by the Government, the motion for default judgment specifically discussed payment to the non-defaulting defendant from the proceeds of the foreclosure sale and was entitled, "United States' Motion for Default Judgment Against Defendants . . . and for Foreclosure and Sale of Real Property," giving the non-defaulting defendant an opportunity to respond. *See United States v. Ruetz*, No. 6:08-cv-487-Orl-31DAB, 2008 WL 4501839 (M.D. Fla. Aug. 22, 2018). But here the Government has failed to discuss Ditech's interest in the property or any future payment to it from proceeds of the foreclosure sale. (*See* Doc. 14.) And unlike Ditech, the non-defaulting defendant in *Ruetz* did not challenge the validity of the tax liability against it. (*See* Doc. 17, p. 2.)

Property—other than that its interest is superior to that of the Government (*see* Doc. 10, p. 5 n.2; *see also* Doc. 5)—including whether the mortgage is in default and what balance, if any, remains. So the Court will not now order, as Magistrate Judge Smith recommends, that there be a "foreclosure sale of the Property at public sale with the proceeds to be applied first to the costs of sale, then to Ditech Financial, LLC's note and mortgage, and the remainder to the government's judgment." (*See* Doc. 15, p. 6); *see also United State v. Boyd*, 246 F.2d 477, 481 (5th Cir. 1957) ("[I]f the Federal tax lien is junior to undisputed prior liens which will exhaust the full value of the property, a decree of foreclosure would be neither appropriate nor effective."); *cf. United States v. White*, No. 5:09-cv-363-Oc-10GRJ, 2010 WL 11623548, at *5 (M.D. Fla. Nov. 23, 2010) ("Absent any evidence of default or legal authority to support the United States' request, if the Court were to allow the sale to go forward in the manner [with sale proceeds first to JP Morgan to satisfy the mortgage], it would be tantamount to an order declaring the mortgage in default – an issue that is not before the Court at this time").

Indeed, while Magistrate Judge Smith is correct that "[t]he governing statute contemplates post-sale satisfaction of the parties' interests from the proceeds of sale" (Doc. 15, p. 5 (quoting *Banner Grp. Corp.*, 2008 WL 859037, at *1))—meaning that Ditech's superior interest in the property does not necessarily preclude foreclosure and merely dictates distribution of proceeds from the foreclosure sale—the Court declines to order a foreclosure sale of the Subject Property by way of a motion for default judgment against Mr. Kwitny when the claims of another interest-holder in the Subject Property have yet

to be resolved.[6] This is not to say that the Government is not entitled to foreclose its tax liens on the Subject Property; the Court simply will not permit it to do so on this record without first addressing the interests and claims of the non-defaulting Defendant to this action.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. U.S. Magistrate Judge Thomas B. Smith's Report and Recommendation (Doc. 15) is **ADOPTED IN PART** and **REJECTED IN PART**.

    a. The Foreclosure Recommendation is **REJECTED.**

    b. In all other respects, the R&R is **ADOPTED**, **CONFIRMED**, and made a part of this Order.

2. The United States' Motion for Entry of Default Judgment Against Bruce A. Kwitny (Doc. 14) is **GRANTED IN PART AND DENIED IN PART.**

    a. The Motion is **GRANTED** to the extent that:

        i. The Clerk is **DIRECTED** to enter default judgment in favor of the United States of America and against Defendant Bruce A. Kwitny in the amount of $572,671.80,[7] which shall accrue interest as provided by law.

        ii. The Court finds that federal tax liens arose against Mr.

---

[6] In the Motion, the Government requests that the Court order that "the Subject Property be sold, free and clear of defaulted Defendant Bruce A. Kwitny's purported interests." (Doc. 14, p. 7.) But this request in no way addresses Ditech's interest in the Subject Property, despite the Government conceding that Ditech holds a superior interest. (*See* Doc. 10, p. 5 n.2)

[7] This is the amount Mr. Kwitny owed as of September 4, 2018. (*See* Doc. 14, p. 7.)

Kwitny upon assessment of his unpaid federal income tax liabilities and attached to the Subject Property.

    b.    In all other respects, the Motion is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 8, 2019.

ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record
*Pro Se* Party