# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.   Case No:   6:18-cv-1366-RBD-LHP

BRUCE A. KWITNY and U.S. BANK
TRUST NATIONAL ASSOCIATION,

    Defendants

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **JOINT MOTION FOR ENTRY OF ORDER ENFORCING TAX LIENS AND ORDER OF SALE (Doc. No. 80)**
>
> **FILED:** July 25, 2022
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

### I. BACKGROUND

On June 5, 2018, the United States of America filed a Complaint against Defendants Bruce A. Kwitny ("Kwitny") and Ditech Financial, LLC ("Ditech") to

reduce tax assessments to judgments and to foreclose federal tax liens against real property owned by Kwitny and located at 1151 Rock Springs Drive, Melbourne, Florida 32940, in Brevard County, Florida (the "Subject Property").  Doc. No. 1.[1] The United States named Ditech as a Defendant solely on the basis that Ditech may claim an interest in the Subject Property by virtue of a mortgage lien on the Subject Property.  *Id*., at ¶ 7.

Kwitny never answered or otherwise responded to the Complaint, and a Clerk's default was entered against him on July 20, 2018.  Doc. Nos. 6, 9.  Between January 2019 and January 2022, the case was subject to several stays, first due to a lapse in federal appropriations, then due to Ditech's initiation of Chapter 11 bankruptcy proceedings in the Southern District of New York.  *See* Doc. Nos. 20-21, 35, 39, 45, 48, 49, 52, 58-59.  The Court ultimately lifted the stay over this case on January 26, 2022, after the United States demonstrated that during its bankruptcy proceedings, Ditech transferred its interest in the Subject Property to another entity – New Rez, LLC f/k/a New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint").  Doc. No. 59; *see also* Doc. No. 58.  In that same Order, the Court also granted the United States' request to substitute Shellpoint for Ditech as a Defendant in this case.  Doc. No. 59.

---

[1] The case was originally filed in the Jacksonville Division but was transferred to the Orlando Division on August 20, 2019.  Doc. Nos. 11-13.

In between the first and second stays of the case, the Court granted default judgment against Kwitny and in favor of the United States in the amount of $572,671.80 plus interest as provided by law. Doc. No. 25. The Court further held that the federal tax liens at issue in this case arose against Kwitny upon assessment of his unpaid federal income tax liabilities and attached to the Subject Property. *Id.* However, the Court declined to order a foreclosure sale at that time, because Ditech's interest in the Subject Property had not yet been fully resolved. *Id.* In other words, the only issues remaining to be resolved before the Court could consider a foreclosure sale, were the interests of Ditech in the Subject Property, and whether they took priority over the United States' interests.

When this case was reopened on January 26, 2022, the United States successfully substituted Shellpoint for Ditech, and began the process of attempting to address the remaining issues. *See* Doc. Nos. 58-61. To that end, the Court issued a Case Management and Scheduling Order on April 15, 2022. Doc. No. 63. Before the case could proceed for long however, Shellpoint transferred its interest in the Subject Property to another entity – U.S. Bank Trust National Association, not in its individual capacity, but solely as Owner Trustee for RCF 2 Acquisition Trust c/o U.S. Bank Trust National Association ("U.S. Bank Trust N.A."). *See* Doc. Nos. 65-66. Accordingly, the United States moved to substitute U.S. Bank Trust N.A. for Shellpoint, which was successful on June 7, 2022. *See* Doc. Nos. 65-68, 70, 74.

That same day, the United States filed a Stipulation of Priority, stating that the United States and U.S. Bank Trust N.A. have stipulated and agreed to the order of priority of their respective interests in the Subject Property. Doc. No. 75. Specifically, the parties agreed that U.S. Bank Trust N.A.'s interest in the Subject Property takes priority to the United States' interest, and that in the event the Court orders a sale of the Subject Property, the net sales proceeds will first be paid to U.S. Bank Trust N.A., and if any excess proceeds exist after that debt is paid in full, the excess shall be paid to the United States to satisfy the claims for unpaid federal income taxes for tax years 2006-2014. *Id.*[2]

Between June 30, 2022 and July 25, 2022, the United States filed three motions seeking a final order enforcing the tax liens and an order of foreclosure sale. Doc. Nos. 76, 78, 80. The first two attempts were denied without prejudice for various procedural and substantive deficiencies. *See* Doc. Nos. 77, 79. The third attempt is the above-styled motion, through which the United States and U.S. Bank Trust N.A. jointly request the entry of an order enforcing the tax liens and an order to sell the Subject Property at a judicial sale pursuant to 26 U.S.C. §§ 7402 and 7403. Doc. No. 80. The parties did not include a proposed order with the joint motion, but

---

[2] The parties define "net sales proceeds" in their joint motion as any proceeds after deducting the costs of sale and property taxes. Doc. No. 80, at 3.

upon order from the undersigned, filed a proposed order on August 16, 2022. Doc. No. 83.

The joint motion has been referred to the undersigned and is ripe for consideration. For the reasons discussed herein, I will respectfully **RECOMMEND** that the Court **GRANT** the Joint Motion for Entry of Order Enforcing Tax Liens and Order of Sale (Doc. No. 80).

## II. DISCUSSION

26 U.S.C. § 7403(a) provides that

> In any case where there has been a refusal or neglect to pay any tax . . . whether or not levy has been made, the Attorney General or his delegate, at the request of the Secretary, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States . . . with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability.

Through the Court's prior order granting default judgment, the Court has already determined that Kwitny's tax liabilities for the tax years 2006-2014 were properly assessed, the tax liens arose upon assessment of Kwitny's unpaid federal income tax liabilities, and that the tax liens attached to the Subject Property. Doc. No. 25. These rulings remain the law of the case, and no party seeks to challenge them.

Once a tax lien has been properly assessed, 26 U.S.C. § 7403(c) permits the United States to foreclose its tax lien by seeking sale of the property to which its liens have attached.

> The court shall, after the parties have been duly notified of the action, proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property, and in all cases where a claim or interest of the United States therein is established, may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interest of the parties and of the United States.

26 U.S.C. § 7403(c). "[T]he limited discretion accorded by § 7403 should be exercised rigorously and sparingly, keeping in mind the Government's paramount interest in prompt and certain collection of delinquent taxes." *U.S. v. Rodgers*, 461 U.S. 677, 711 (1983).

"[I]t has long been an axiom of our tax collection scheme that, although the definition of underlying property interests is left to state law, the consequences that attach to those interests is a matter left to federal law." *Rodgers*, 461 U.S. at 683; *see also U.S. v. Gachette*, No. 6:20-cv-1267-ACC-EJK, 2021 WL 3557800, at *5 (M.D. Fla. May 20, 2021), *report and recommendation adopted*, 2021 WL 2886077 (M.D. Fla. July 9, 2021) ("[O]nly after it is determined that a tax lien has attached to a taxpayer's state-created interest will federal law be used to determine the priority of any competing liens asserted against the taxpayer's property or rights to property."); *see also U.S. v. DuBarry*, No. 3:09cv505/MCR/MD, 2011 WL 1321686, at *4 (N.D. Fla. Mar. 4,

2011) *report and recommendation adopted*, 2011 WL 1253890 (N.D. Fla Apr. 1, 2011) ("Once the lien arises, federal law controls the priority of all liens against the subject property."). "Priority of federal tax liens is determined by the common-law principle of first in time, first in right."  *U.S. v. Guthery*, No. 8:07-CV-941-T-27EAJ, 2009 WL 1010431, at *3 (M.D. Fla. Apr. 14, 2009) (citing *U.S. v. McDermott*, 507 U.S. 447, 449 (1993)).

As noted above, the United States and U.S. Bank Trust N.A. have entered into a Stipulation of Priority, through which any net sales proceeds are to be paid first to U.S. Bank Trust N.A., and once that debt is fully satisfied, any excess net proceeds shall be paid to the United States to satisfy Kwitny's federal tax liens, and if any net proceeds remain thereafter, the Court shall retain the excess pending further application by the parties to this action.  Doc. No. 75; *see also* Doc. No. 80, at 3.  The undersigned is unaware of any other parties who have an interest in the Subject Property, and over the more than four years that this case has been pending in this Court, no other parties have attempted to make an appearance or otherwise litigate this case.

Upon review of the Stipulation of Priority, the undersigned can ascertain no reason why it should not be honored and enforced.  *See DuBarry*, 2011 WL 1321686, at *6 (honoring stipulation between the parties as to the order of priority for disbursing net proceeds from judicial sale of property); *U.S. v. Harris*, No. 3:13-cv-

00065-WS-EMT, 2014 WL 2153925, at *1 (N.D. Fla. Apr. 18, 2014) (in default judgment context where United States sought to reduce to judgment federal income tax liabilities and to foreclose the tax liens against defendant's real property, honoring stipulation entered into between other lien holders and the United States "regarding the priority of its real property liens and the disbursement of sale process according to that priority," and ordering sale of the property subject to the non-defaulting defendant's priority for real property taxes); *U.S. McHaffie*, No. 1:07-CV-3012-CC, 2008 WL 5724293, at *1-3 (N.D. Ga. Dec. 29, 2008) (honoring stipulation of priority between the United States and other mortgage holder, ordering foreclosure of the federal tax liens and sale of the property, with distribution of the proceeds in accordance with the stipulation). The undersigned will therefore recommend that Stipulation of Priority (Doc. No. 75) be honored in this case.

At an earlier stage of this litigation, when Ditech was still a party and was challenging the United States' position, the Court raised a question as to whether a foreclosure sale could be ordered when the status of the mortgage on the Subject Property was not resolved. Doc. No. 25, at 5-6 (citing *United States v. White*, No. 5:09-cv-363-Oc-10GRJ, 2010 WL 11623548, at *5 (M.D. Fla. Nov. 23, 2010)). *See also* Doc. No. 79, at 3-4. In the joint motion, the parties represent (and attach supporting evidence) that U.S. Bank Trust N.A.'s "mortgage loan on the Subject Property is

current through October 1, 2022, and that the total unpaid balance is $50,238.49 as of July 15, 2022." Doc. No. 80, at 3 (citing Doc. Nos. 80-1 and 80-2). And while it may initially seem unusual to force a sale when a priority lienholder does not hold a defaulted mortgage, a review of relevant authority persuades the undersigned that the absence of a defaulted mortgage should not preclude a foreclosure sale in this case. *See, e.g., U.S. v. Morgan,* No. 6:09-cv-172-Orl-28GJK, 2010 WL 148725, at *5 (M.D. Fla. Jan. 12, 2010) (granting order of foreclosure and decree as to sale of the property under 26 U.S.C. § 7403(c) even though defendants "at all times paid the mortgage"); *DuBarry*, 2011 WL 1321686 (M.D. Fla. Mar. 4, 2011) (recommending foreclosure sale and distribution of net proceeds pursuant to stipulation of priority entered into by the various parties, even though the mortgage on the subject property was current and payments were made through the date of decision). *See also Rodgers*, 461 U.S. at 692-94 (finding language of 26 U.S.C. §§ 7403(a)-(c) includes not only selling the delinquent taxpayer's interest in the property, but selling the entire property); *U.S. v. Dase*, No. 4:18-cv-00501-ACA, 2020 WL 950536, at *1 (N.D. Ala. Feb. 27, 2020) (granting foreclosure sale to recover on unpaid federal tax liens, where mortgage had been paid in full, and the property was owned as tenancy in common between defendant and his sister).[3]

---

[3] The parties also engage in a lengthy analysis of *Rodgers*, which the undersigned has not addressed, as that analysis only applies where there is an innocent third party whose interests in the property will be extinguished via a forced sale. *See* Doc. No. 80, at 9-12 (citing *Rogers*, 461 U.S.

With the questions concerning the priority of the parties' interests in the Subject Property and the status of the mortgage now resolved, and in light of the prior Order of the Court finding the federal tax liens valid and attached to the Subject Property, (Doc. No. 25), the undersigned finds that the joint motion is well taken, and will recommend that an order of foreclosure and judicial sale be entered. The undersigned has reviewed the proposed order submitted by the United States, (Doc. No. 83), and does not find any provisions that run contrary to law or that are unfair or unduly burdensome on any party.[4]

## III.  RECOMMENDATION

Accordingly, the undersigned **RESPECTFULLY RECOMMENDS** that the Court:

1.  **GRANT** the Joint Motion for Entry of Order Enforcing Tax Liens and Order of Sale (Doc. No. 80).

2.  Find that a forced foreclosure sale of the Subject Property is appropriate and honor the parties' Stipulation of Priority.   Doc. No 75.

---

at 710-11).   No such issues exist in this case – default judgment has been entered against Kwitny, and U.S. Bank Trust N.A. has joined in the present motion and agreed to a stipulation of priority of interests.   *See* Dase, 2020 WL 950536, at *5 ("If 'the third party has no present possessory interest or fee interest in the property, there may be little reason not to allow the sale.'") (citing *Rodgers*, 461 U.S. at 711).

[4] This proposed order was also submitted as an attachment to prior versions of the joint motion, *see* Doc. Nos. 76, 78, and the undersigned therefore has considered the proposed order to be agreed to by U.S. Bank Trust N.A.

3. **ORDER** the sale of the Subject Property at a judicial sale pursuant to 26 U.S.C. §§ 7402 and 7403 and in accordance with the terms and conditions set forth in the parties' Proposed Order. (Doc. No. 83).

## NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on August 23, 2022.

*Leslie Hoffman Price*
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy