# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                          Case No:   6:18-cv-1366-RBD-LHP

BRUCE A. KWITNY and U.S. BANK
TRUST NATIONAL ASSOCIATION,

      Defendants

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** UNITED STATES' UNOPPOSED MOTION FOR CONFIRMATION OF SALE AND DISTRIBUTION OF PROCEEDS (Doc. No. 115)
>
> **FILED:** December 11, 2024
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I.     BACKGROUND**

On June 5, 2018, the United States of America filed a Complaint against Defendants Bruce A. Kwitny ("Kwitny") and Ditech Financial, LLC ("Ditech") to reduce tax assessments to judgments and to foreclose federal tax liens against real property owned by Kwitny and located at 1151 Rock Springs Drive, Melbourne, Florida 32940, in Brevard County, Florida (the "Subject Property").  Doc. No. 1.  The United States named Ditech as a Defendant solely on the basis that Ditech may claim an interest in the Subject Property by virtue of a mortgage lien on the Subject Property.  *Id.*, ¶ 7.  The United States thereafter substituted New Rez, LLC f/k/a New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint") for Ditech as a Defendant (Doc. Nos. 58-59), and later substituted U.S. Bank Trust National Association, not in its individual capacity, but solely as Owner Trustee for RCF 2 Acquisition Trust c/o U.S. Bank Trust National Association ("U.S. Bank Trust N.A.") for Shellpoint.  *See* Doc. Nos. 65-68, 70, 74.

Kwitny never answered or otherwise responded to the Complaint, and a Clerk's default was entered against him on July 20, 2018.  Doc. Nos. 6, 9.  Between January 2019 and January 2022, the case was subject to several stays, which were ultimately lifted on January 26, 2022.  *See* Doc. Nos. 20-21, 35, 39, 45, 48, 49, 52, 58-59.  During this time period (in between the first and second stays of the case), the Court granted default judgment against Kwitny and in favor of the United States in

the amount of $572,671.80 plus interest as provided by law. Doc. No. 25. The Court further held that the federal tax liens at issue arose against Kwitny upon assessment of his unpaid federal income tax liabilities and attached to the Subject Property. *Id.*

On June 7, 2022, the United States filed a Stipulation of Priority, through which the United States and U.S. Bank Trust N.A. stipulated and agreed that U.S. Bank Trust N.A.'s interest in the Subject Property takes priority to the United States' interest, and that in the event the Court orders a sale of the Subject Property, the net sales proceeds will first be paid to U.S. Bank Trust N.A., and if any excess proceeds exist after that debt is paid in full, the excess shall be paid to the United States to satisfy the claims for unpaid federal income taxes for tax years 2006-2014. Doc. No. 75.

On July 25, 2022, the United States and U.S. Bank Trust N.A. jointly moved for the entry of an order enforcing the tax liens and an order to sell the Subject Property at a judicial sale pursuant to 26 U.S.C. §§ 7402 and 7403. Doc. No. 80. The Court granted the motion on September 15, 2022, finding the forced foreclosure sale of the Subject Property to be appropriate, honoring the parties' Stipulation of Priority, and ordering the sale of the Subject Property at a judicial sale in accordance with the terms and conditions agreed to by the parties. Doc. No. 85; *see also* Doc.

Nos. 83-84. The Court thereafter stayed the case and directed the Clerk to administratively close the file. Doc. No. 89.

On July 18, 2024, the Court granted the United States' unopposed motion to amend the order of sale, and entered a Corrected Order of Sale as to the Subject Property, which set forth various terms and conditions of the sale. Doc. No. 92; *see also* Doc. No. 91. In particular, the Corrected Order of Sale established the following order of priority for distribution of the sale proceeds from the sale of the Subject Property:

    1.    To the United States for reimbursement of any expenses incurred in the sale of the Subject Property, including any expenses incurred to secure or maintain the Subject Priority pending sale and confirmation of same;

    2.    To pay for all other costs and expenses of sale, including title insurance;

    3.    To Brevard County, or other local taxing authority, for real property and other local assessments due and owing, if any, which are entitled to priority under 26 U.S.C. § 6323(b)(6);

    4.    To U.S. Bank Trust N.A. by virtue of its mortgage lien on the Subject Property;

    5.    To the United States for satisfaction of the federal income tax liabilities due and owing for Kwitny's federal tax liabilities, totaling $572,671.80 for the 2006 through 2014 tax years, plus statutory additions including interest accruing from February 11, 2019; and

    6.    Any remaining proceeds after the distributions identified above should be held by the Clerk of the Court pending a determination by the Court of the proper disposition of such proceeds.

Doc. No. 92, at 9-10.

In accordance with the Corrected Order of Sale, an Internal Revenue Service ("IRS") Property and Litigation Specialist was assigned to sell the Subject Property. Doc. No. 92, at 2; *see also* Doc. No. 115-1.   For four consecutive weeks (September 4, September 11, September 18, and September 25, 2024), a notice of the sale of the Subject Property was published in the classified section of the Sun Sentinel, a newspaper regularly issued and of general circulation in Brevard County, where the property is located.   *See* Doc. No. 115-1, ¶ 4; Doc. Nos. 115-3, 115-4.   One bidder provided the proof of funds and registered to bid on the Subject Property using the mail-in bid form.   Doc. No. 115-1, ¶ 5.   On October 16, 2024, the Subject Property was sold to the highest bidder—Shirahil Three LLC, care of Bhadresh Shah—for a sale price of $318,900.00.   *Id.*, ¶ 5.   As required by the Corrected Order of Sale, the full sale price was deposited into the Court's registry pending confirmation of sale.   *Id.*; *see also* Doc. Nos. 92, 107, 109.

By the present motion, the United States seeks an order confirming the sale of the Subject Property, directing the IRS to prepare and deliver a deed for the Subject Property to Shirahil Three LLC, care of Bhadresh Shah, and directing the Clerk to distribute the funds held in the Court's registry in accordance with the order of priority set forth in the Corrected Order of Sale.   Doc. No. 115, at 6-7; *see also* Doc. No. 92, at 9-10.   Specifically, the United States requests payment to itself

of $1,745.01 for expenses incurred in the sale of the Subject Property, $42,916.68[1] to U.S. Bank Trust N.A. to satisfy its mortgage lien on the Subject Property, and the remaining balance of $274,238.31[2] to the United States to apply against Kwitny's federal tax liabilities.  Doc. No. 115, at 6-7.  There are no other costs or expenses of sale such as title insurance, no taxes or other local assessments due and owing, and no proceeds will remain for further distribution by the Clerk of Court.  *Id.*

The Local Rule 3.01(g) certification states that both U.S. Bank Trust N.A. and Kwitny do not oppose the motion.  Doc. No. 115, at 8.  The motion has been referred to the undersigned and is ripe for consideration.  For the reasons discussed herein, I will respectfully **RECOMMEND** that the Court **GRANT** the motion (Doc. No. 115) in its entirety.

---

[1] The motion requested $36,585.67 to satisfy the mortgage lien, *see* Doc. No. 115, at 6, but the United States did not provide any evidence to support this amount.  The undersigned thereafter directed the United States to file such evidence, *see* Doc. No. 116, which the United States did, albeit one day late.  Doc. No. 118.  In the interests of efficiency, the undersigned will accept the late filing but reminds the United States of its obligations to adhere to all deadlines.  Pursuant to the notice, the full amount to satisfy the mortgage lien is now $42,916.68.  Doc. No. 118.

[2] The amount requested in the motion is $280,569.32.  Doc. No. 115, at 6-7.  With the new mortgage pay off amount, the remaining balance to the United States is now reduced to $274,238.31.

**II.     ANALYSIS**

Once a tax lien has been properly assessed, 26 U.S.C. § 7403(c) permits the United States to foreclose its tax lien by seeking sale of the property to which its liens have attached.

> The court shall, after the parties have been duly notified of the action, proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property, and in all cases where a claim or interest of the United States therein is established, may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interest of the parties and of the United States.

26 U.S.C. § 7403(c).  "[T]he limited discretion accorded by § 7403 should be exercised rigorously and sparingly, keeping in mind the Government's paramount interest in prompt and certain collection of delinquent taxes."  *United States v. Rodgers*, 461 U.S. 677, 711 (1983).

The Corrected Order of Sale (Doc. No. 92) directed that the Subject Property be sold at public sale, subject to various terms and conditions, and pursuant to the authority of 26 U.S.C. §§ 7402(a) and 7403(b); *see also* 28 U.S.C. §§ 2001 and 2002 (specifying the location and type of notice required before a public sale of real property).  As set forth in the present motion and attached exhibits, the United States has complied in full with the terms and conditions of the Corrected Order of Sale.  Doc. Nos. 115; 115-1, 115-3, 115-4.  The United States has also provided evidence establishing the sales price, the incurred expenses of the sale, the

outstanding mortgage balance, and the outstanding tax liabilities plus interest. *See* Doc. Nos. 115-1, 115-5, 115-6; *see also* Doc. No. 118-1.

Accordingly, and in the absence of objection or argument to the contrary, the undersigned will recommend that the Court grant the United States' motion, confirm the sale of the Subject Property, and order distribution of the sale proceeds in the priority established in the motion, and in accordance with the Corrected Order of Sale. *See* Doc. No. 92. *See, e.g., United States v. Gachette*, No. 6:14-cv-1539-Orl-22-TBS, 2019 WL 13180412 (M.D. Fla. Apr. 22, 2019), *report and recommendation adopted*, 2019 WL 13180411 (M.D. Fla. Apr. 29, 2019); *United States v. Edenfield*, No. 5:15-cv-266-RH-MJF, 2019 WL 13162582 (N.D. Fla. Feb. 25, 2019); *United States v. Furman*, No. 3:04-cv-537-J-20MMH, 2006 WL 2589121 (M.D. Fla. Jul. 27, 2006).

### III.  RECOMMENDATION

For these reasons, the undersigned respectfully **RECOMMENDS** that the Court:

1. **GRANT** United States' Unopposed Motion for Confirmation of Sale and Distribution of Proceeds (Doc. No. 115);

2. **CONFIRM** the sale of the Subject Property located at 1151 Rock Springs Drive, Melbourne, Florida 32940;

3. **DIRECT** the IRS to prepare and deliver a deed to Shirahil Three LLC, care of Bhadresh Shah, for the Subject Property; and

4.      **DIRECT** the Clerk of Court to distribute the $318,900 in funds currently held in the Court's Registry as follows:

a.      **$1,745.01** to the United States (payable to the Internal Revenue Service,and sent to Internal Revenue Service, ATTN: Deb Whitfield, Property Appraisal and Liquidation Specialist, 2937 S. Claremont Ave., Springfield, Missouri, 65804), as reimbursement for expenses incurred in selling the Subject Property;

b.      **$42,916.68** to U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust c/o U.S. Bank Trust National Association (payable to Selene Finance, ATTN: Cashier Dept., 3501 Olympus Blvd., Suite 500, Dallas, Texas, 75019) to satisfy its mortgage lien on the Subject Property;

c.      **$274,238.31.** (the remaining funds) to the United States (payable to the United States Department of Justice, and sent to the U.S. Department of Justice, Tax Division, P.O. Box 310, Ben Franklin Station, Washington, D.C. 20044), for application against the outstanding federal income tax liabilities of Bruce A. Kwitny.

### NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's

factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

    Recommended in Orlando, Florida on April 23, 2025.

                                                 LESLIE HOFFMAN PRICE
                                   UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy