UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,

v.                                       Case No. 6:18-cv-1366-RBD-LHP

BRUCE A. KWITNY; and U.S. BANK
TRUST NATIONAL ASSOCIATION,

   Defendants.
_____

## ORDER

In this tax case, the Court previously entered a default judgment against Defendant Bruce A. Kwitny. (Doc. 26.)

After garnishment proceedings with two garnishees, the Government now seeks a final judgment of garnishment. (Doc. 108 ("Garnishment Motion").) On referral, U.S. Magistrate Judge Leslie Hoffman Price entered a Report and Recommendation submitting that the Court should grant the Garnishment Motion. (Doc. 117 ("Garnishment R&R").)

In addition to the default against Kwitny, the Court also held that the liens against him attached to the Subject Property at issue. (Doc. 25.) Defendant U.S. Bank Trust National Association ultimately came to hold an interest in the Subject Property. (*See* Doc. 119, p. 2.) The Court later ordered the sale of the Subject

Property and set a priority of distribution of the proceeds. (Doc. 92.) The property was sold, and the Government now seeks an Order confirming the sale. (Doc. 115 ("Confirmation Motion").) On referral, Judge Hoffman Price entered a Report and Recommendation submitting that the Court should grant the Confirmation Motion. (Doc. 119 ("Confirmation R&R").)

The time has passed and there were no objections to either R&R, so the Court examines them for clear error only. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Finding none, the R&Rs are both due to be adopted in their entirety.

Accordingly, it is **ORDERED AND ADJUDGED**:

1. The Garnishment R&R (Doc. 117) is **ADOPTED AND CONFIRMED** and made a part of this Order in its entirety.

2. The Garnishment Motion (Doc. 108) is **GRANTED**.

3. The Clerk is **DIRECTED** to enter judgment in the following form:

   Final judgment is **ENTERED** in favor of the United States and against Truist Bank in the amount of $4,986.26. All funds held by Truist must be liquidated to create cash distributions, with all payments and cash distributions to the United States. Such payment must be made by delivering a check made payable to "United States Department of Justice" to the address below and marked with the name and number of this case, "United States v. Bruce A. Kwitny, Case No. 6:18-cv-1366-RBD-LHP." Checks shall be mailed to:

   *If by U.S. Postal Service:*
   United States Department of Justice
   Tax Division
   Office of Review/Financial Litigation
   P.O. Box 310

        Ben Franklin Station
        Washington, DC 20044

        *If by courier (e.g., FedEx or UPS):*
        United States Department of Justice
        Tax Division
        Office of Review/Financial Litigation
        Room 11501
        1275 First Street, NE
        Washington, DC 20002

4. The Court **ORDERS** that the writ of garnishment against Truist Bank (Doc. 97) will automatically terminate after Truist Bank makes payment to the United States as set forth in the judgment.

5. The Court **TERMINATES AND QUASHES WITHOUT PREJUDICE** the writ of garnishment against The Vanguard Marketing Corporation (Doc. 98).

6. The Confirmation R&R (Doc. 119) is **ADOPTED AND CONFIRMED** and made a part of this Order in its entirety.

7. The Confirmation Motion (Doc. 115) is **GRANTED**.

8. The Court **CONFIRMS** the sale of the Subject Property located at 1151 Rock Springs Drive, Melbourne, Florida 32940.

9. The Court **DIRECTS** the IRS to prepare and deliver a deed for the Subject Property to Shirahil Three LLC, care of Bhadresh Shah.

10. The Court **DIRECTS** the Clerk to distribute the **$318,900.00** in funds currently held in the Court's Registry as follows:

a. **$1,745.01** to the United States (payable to the Internal Revenue Service, and sent to Internal Revenue Service, ATTN: Deb Whitfield, Property Appraisal and Liquidation Specialist, 2937 S. Claremont Ave., Springfield, Missouri 65804), as reimbursement for expenses incurred in selling the Subject Property;

b. **$42,916.68** to U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust c/o U.S. Bank Trust National Association (payable to Selene Finance, ATTN: Cashier Dept., 3501 Olympus Blvd., Suite 500, Dallas, Texas 75019) to satisfy its mortgage lien on the Subject Property; and

c. **$274,238.31** (the remaining funds) to the United States (payable to the United States Department of Justice, and sent to the U.S. Department of Justice, Tax Division, P.O. Box 310, Ben Franklin Station, Washington, D.C. 20044), for application against the outstanding federal income tax liabilities of Bruce A. Kwitny.

11. By **Friday, May 23, 2025**, the Government is **DIRECTED** to file a

notice indicating whether the stay may be lifted and the case completely closed now that the sale is finalized.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 9, 2025.

ROY B. DALTON, JR.
United States District Judge